IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL SANTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-1365 |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

O R D E R

AND NOW, this 28th day of June, 2023, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies (Doc. No. 19) and brief in support thereof (Doc. No. 20), filed in the above-captioned matter on February 6, 2023, and in further consideration of Plaintiff's subsequent filing (Doc. No. 25), filed on March 3, 2023,

IT IS HEREBY ORDERED that said motion is GRANTED, and that this matter is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1). The case will be marked as closed.

The administrative history of this case relevant to the present motion to dismiss is not disputed. Plaintiff filed a claim for benefits under Titles II and XVI of the Social Security Act with the Social Security Administration ("SSA") on March 29, 2017. His Title II claim for disability insurance benefits was technically denied on May 26, 2017, because he had not worked enough quarters to accrue sufficient credits to qualify for benefits pursuant to Title

1

II. Notice of the decision was mailed to Plaintiff's then-current address in St. Clair Shores, Michigan, and informed Plaintiff that he had 60 days to appeal this decision to the SSA. On November 30, 2017, Plaintiff's Title XVI claim for supplemental security income was denied at the initial level because the SSA found that he was not disabled. Notice was mailed to the same St. Clair Shores address and advised Plaintiff that he had 60 days to request a hearing before an Administrative Law Judge ("ALJ") if he disagreed with the decision.

There is no evidence, nor does Plaintiff contend, that he sought an appeal or an administrative hearing after receiving the denial notices. In fact, Plaintiff took no action until September 26, 2022, when he filed a federal appeal with this Court. Initially, the Commissioner asserted that a more definite statement of Plaintiff's claim was required pursuant to Federal Rule of Civil Procedure 12(e) because SSA was unable to locate any records relating to Plaintiff. The Court ordered Plaintiff to respond to the Commissioner's motion, which Plaintiff did. However, prior to the receipt of Plaintiff's response, the Commissioner, now having located Plaintiff's records, filed the instant motion to dismiss this case pursuant to 42 U.S.C. § 405(g) and Federal Rule of Civil Procedure 12(b)(1) because these records demonstrated that, although Plaintiff had filed a claim for benefits, he had failed to exhaust the administrative remedies available to him. The Court ordered a response from Plaintiff to this new motion. He filed instead another response to the Motion for a More Definite Statement which does not really address the relevant issues raised here. Nonetheless, the Court has considered all of Plaintiff's filings in adjudicating this motion, and, given Plaintiff's lack of objection and the clear record provided by the Commissioner,

the Court is satisfied that there is no dispute as to the administrative procedural history of this case. Because that history shows that Plaintiff did not, in fact, exhaust his administrative remedies prior to filing this action, the case will be dismissed.

Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Accordingly, Section 405(g) permits a district court to review only the Commissioner's "final decision." *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977). "Without a 'final decision,' the District Court has no jurisdiction to review the Commissioner's determination." *Van Williams v. Soc. Sec. Admin.*, 152 Fed. Appx. 153, 154 (3d Cir. 2005) (citing *Fitzgerald v. Apfel,* 148 F.3d 232, 234 (3d Cir.1998)). "[T]he Act does not define 'final decision,' instead leaving it to the [SSA] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The pertinent SSA regulations provide that a claimant must complete a four-step administrative review process, ending with a request for review by the Appeals Council, to obtain a judicially reviewable final decision. *See* 20 C.F.R. § 404.900(a); *Doyle v. Barnhart*, No. CIV.A. 03-0264, 2004 WL 1237359, at *3 (E.D. Pa. May 17, 2004). A claimant who has failed to exhaust these administrative remedies may not obtain judicial review. *See Sims*, 530 U.S. at 107.

There is no question here that Plaintiff did not avail himself of all the opportunities available for relief at the administrative level. Indeed, he did not even seek an ALJ hearing, let

3

alone file a request for review with the Appeals Council. Therefore, he has not exhausted his administrative remedies, and there is no final decision for this Court to review. As such, the Court is without jurisdiction and will dismiss the matter without prejudice. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agencies except as provided herein.").

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

cc:    Paul Santo
        301 Third Avenue
        MB 1320
        Pittsburgh, PA 15222